COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JUNE B. HENSON

v.   Record No. 2027-96-4                 MEMORANDUM OPINION*
                                              PER CURIAM
CULPEPER HEALTH CARE CENTER/              DECEMBER 17, 1996
 MEDICAL FACILITIES OF AMERICA
AND
PENNSYLVANIA MANUFACTURERS'
 ASSOCIATION INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (June B. Henson, pro se, on briefs).

               (John K. Coleman; Colleen M. Gentile;
               Slenker, Brandt, Jennings & Johnston, on
               brief), for appellees.


     June B. Henson (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that her

psychological condition did not qualify as a compensable

occupational disease.  Pursuant to Rule 5A:21(b), employer raises

the additional question of whether the commission erred in

finding that claimant's depression/anxiety disorder constituted

an occupational "disease" under the Workers' Compensation Act.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     In holding claimant's depression/anxiety disorder did not

qualify as a compensable occupational disease, the commission

---

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

found as follows:

> The medical evidence and testimony indicate that her condition was precipitated by the hiring of a new administrator at the facility where she was employed. The claimant expressed concerns about salary cuts, an inability to schedule staff members for overtime hours, and a general feeling that the morale of her coworkers and the quality of patient care were steadily declining.

These findings are supported by credible evidence, including claimant's testimony and the medical records. Therefore, they are conclusive on appeal. The commission correctly relied upon our holding in Teasley v. Montgomery Ward & Co., 14 Va. App. 45, 415 S.E.2d 596 (1992), to find that claimant's psychological condition was not compensable. In Teasley, we recognized that "purely psychological disability resulting from disagreements over managerial decisions and conflicts with supervisory personnel that cause stressful consequences which result in purely psychological disability ordinarily are not compensable." Id. at 49, 415 S.E.2d at 598.

Because our holding on this issue disposes of this appeal, we will not address the question raised by employer in its brief. For the reasons stated, we affirm the commission's decision.

Affirmed.